## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **JONI CADDELL,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | |
| **vs.** | | ) | **Case No. _____** |
| | | ) | |
| 1. | **AMAZON.COM, INC., a** | ) | **ATTORNEY LIEN CLAIMED** |
| | **a Foreign For-Profit** | ) | |
| | **Corporation,** | ) | |
| 2. | **MEISINUO, a Foreign** | ) | |
| | **Corporation,** | ) | |
| | | ) | |
| | **Defendants.** | ) | **JURY TRAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Jodi Caddell, by and through her attorney of record, Joshua I. Peach  of the law firm of Martin Jean Jackson Martin & Peach, and for her causes of action against the above named Defendants, alleges and states as follows:

### I.  PARTIES, JURISDICTION AND VENUE

1.      On the dates of the facts material herein, Plaintiff, Joni Caddell, was a resident of Finney County, Garden City, Kansas.

2.      Defendant Amazon.com, Inc. is a foreign for-profit corporation, incorporated and registered in the State of Delaware.  Amazon.com, Inc. is an online retailer selling a myriad of products, including heated insoles.  At all times relevant, Amazon.com, Inc. did substantial and continuous business across the world, including the State of Oklahoma.

3.      Defendant Meisinuo, based upon information belief, is a foreign Chinese

1

manufacturer that supplies products to Amazon.com, Inc. for sale in the United States. Specifically, it manufactured the product that is the subject matter of this complaint.

4.    The Plaintiff's Complaint alleges that the Plaintiff seeks damages in excess of $75,000, the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

5.    Pursuant to 28 U.S.C. §1332(a)(1), this Court has jurisdiction because there is complete diversity of citizenship of the parties and the amount in controversy is in excess of $75,000.00.

## II.  STATEMENT OF FACTS

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs nos. 1-5 of her Complaint and further alleges as follows:

6.    That on or about November 14, 2023, Plaintiff Joni Caddell purchased a pair of heated insoles from Defendant Amazon.com, Inc. (hereinafter "Amazon").

7.    These heated insoles were recommended, advertised, marketed and sold by Amazon as "Heated Insoles, 3500mAH, Rechargeable Electric Heating Insoles with Remote Control, up to 13 hours – Heating Foot Warmer for Men/Women Outdoor Hunting Camping Skiing" on its marketplace and website with reasonable expectation that the product would be purchased and used by customers such as Plaintiff, not only in the United States, but across the world.

8.    Defendant Amazon stocked and stored these heated insoles in its warehouses for the sole purpose of being sold to and used by customers such as Plaintiff.

9.    These heated insoles were sold by Amazon with reasonable expectation that

the product would be purchased and used by customers across the United States and the world.

10.    Defendant Amazon facilitated Plaintiff's transaction and purchase of these heated insoles through its marketplace and website.  Amazon has a program called "Fulfillment by Amazon" ("FBA") which is a program that allows sellers to outsource its order fulfillment to Amazon. By enrolling in FBA, sellers can send their products into Amazon's global network of fulfillment centers, where Amazon takes care of picking, packing, and shipping orders. This service also includes handling customer service and returns, allowing sellers to focus on product development and customer satisfaction. FBA offers benefits such as free shipping to Prime members, enhanced customer trust, and increased sales potential due to Amazon's extensive delivery network.

11.    Defendant Amazon handled Plaintiff's transaction and purchase of these heated insoles through its payment processing on its marketplace and website.

12.    On or about December 11, 2023, as Plaintiff was preparing to go outside in the cold to feed her animals on her farm, she inserted the heated insoles into a pair of laced up boots for its intended purpose.

13.    After putting on her laced up boots with the heated insoles inserted in the bottom of her boots, the heated insoles exploded and caught on fire which severely burned Plaintiff's feet after she took a couple of steps.

14.    After Plaintiff immediately ran to a bathtub in her home to take off her laced up boots containing the heated insoles, she noticed that the fire had burned her feet causing

serious injury that required immediate medical treatment.

15.    Plaintiff incurred medical expenses for treatment of her injuries caused by the heated insoles that exploded and caught on fire.

16.    Plaintiff incurred personal injury damages as a result of her injuries from the fire including, but not limited to, pain and suffering, emotional distress, and possible permanent injury to her feet.

### III. FIRST CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY)

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs nos. 1-16 of her Complaint and further alleges as follows:

17.    Defendant Amazon and Defendant Meisinuo recommended, advertised, marketed, stocked, stored, distributed and sold the defective heated insoles which made it dangerous, hazardous and unsafe for its intended and reasonably foreseeable use to Plaintiff.

18.    The defects of the heated insoles caused them to explode and catch on fire after putting the insoles into footwear as intended before and during use of the product.

19.    The heated insoles contained defects when the product was introduced into the stream of commerce by Defendant Amazon on its marketplace and website.

20.    The defects of the heated insoles product were a direct cause of Plaintiff's injuries and damages as alleged in this Complaint.

21.    Plaintiff, as an ordinary consumer of the heated insoles, would not and did not recognize the danger that the product posed to her.

22. Plaintiff was using the defective product for its intended purpose.

23. Defendant Amazon and Defendant Meisinuo failed to warn Plaintiff of the dangers the heated insoles posed to her and specifically that the product could explode and catch on fire while being used for its intended purpose.

24. Defendant Amazon is strictly liable for selling a defective product that caused Plaintiff's injuries.

25. Defendant Meisinuo is strictly liable for manufacturing a defective product that caused Plaintiff's injuries.

26. As a direct result of the defective heated insoles and Defendants' failure to warn, Plaintiff sustained severe personal injuries and has incurred damages as a result of her injuries.

### IV.  SECOND CAUSE OF ACTION
### (NEGLIGENCE)

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs nos. 1-26 of her Complaint and further alleges as follows:

27. Defendant Amazon negligently, recklessly and carelessly recommended, advertised, marketed, stocked, stored, distributed and sold the heated insoles on its marketplace and website in its defective and dangerous condition making the product unsafe for its intended and reasonably foreseeable use.

28. Defendant Amazon owed Plaintiff a duty to exercise reasonable care in the advertisement, recommendation, distribution and sale of the heated insoles to ensure the

product was safe for its intended and reasonably foreseeable use.

29.      Defendants failed to adequately warn Plaintiff of the dangers that the heated insoles could explode and catch on fire while using the product in its intended and reasonably foreseeable use.

30.      Defendant Amazon was negligent in its duty to exercise reasonable care in the safety of products sold on its marketplace and website, such as the heated insoles, through its "Fulfillment by Amazon" program.

31.      Defendant Amazon knew, or reasonably should have known, that Plaintiff would not realize the danger of an explosion and fire when using the product for its intended and reasonably foreseeable use.

32.      As a direst result of Defendants' negligent conduct, Plaintiff suffered injuries causing damages to Plaintiff as alleged herein.

## V.   THIRD CAUSE OF ACTION
### (NEGLIGENT UNDERTAKING)

Plaintiff adopts and incorporates by reference the allegations contained in paragraphs nos. 1-32 of her Complaint and further alleges as follows:

33.      Defendant Amazon voluntarily assumed a duty of care in providing the defective heated insoles through its advertising, marketing, distributing and selling of the heated insoles on its marketplace and website to Plaintiff.

34.      Defendant Amazon negligently breached its assumed duty of care by acting in a careless and negligent manner by providing the defective heated

insoles on its marketplace and website which a reasonably cautious and prudent entity would have not have done so in a similar circumstance.

35.    Defendant Amazon's negligent breach of its assumed duty of care directly harmed and caused Plaintiff's injuries she sustained as a result of Amazon selling the defective heated insoles to Plaintiff on its marketplace and website.

36.    Amazon's negligence of its breaching its assumed duty of care directly harmed and caused Plaintiff's injuries.

37.    As a direct result of Defendant Amazon's negligent undertaking, Plaintiff suffered severe injuries causing physical, emotional and financial damages to Plaintiff as alleged herein.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant Amazon in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, in addition to judgment interest, costs, attorney fees, and all other relief available to Plaintiff or otherwise deemed just and equitable by this Court.

Respectfully submitted,


/s/ Joshua I. Peach
Joshua I. Peach, OBA # 22675
Martin Jean Jackson Martin & Peach
13900 N. Portland, Suite 150
Oklahoma City, OK 73134
405-832-0777 Telephone
405-3849-4499 Facsimile
jpeach@mjjlawfirm.com
**Attorney for Plaintiff**