**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JONI CADDELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1451-D |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's response to the Court's April 21, 2026 Order directing Plaintiff to show cause why this action should not be dismissed without prejudice for failure to effect service of process on Defendant Meisinuo within 90 days after filing the Complaint pursuant to Fed. R. Civ. P. 4(m). [Doc. No. 11].

Plaintiff contends that service has not yet been timely effected on Defendant Meisinuo because Plaintiff and Defendant Amazon.Com, Inc. are attempting early resolution of this matter, which if successful would alleviate the need to secure service abroad on Defendant Meisinuo. *Id.* Plaintiff seeks an extension of 90 days to serve Defendant Meisinuo, so that Plaintiff and Defendant Amazon.Com, Inc. can continue their settlement negotiations.

Upon consideration, the Court finds that Plaintiff has failed to show good cause for lack of timely service. Although the Tenth Circuit has not conclusively defined "good cause" for purposes of Rule 4(m), the court "has interpreted the phrase narrowly, rejecting inadvertence or neglect as 'good cause' for untimely service." *Broitman v. Kirkland (In re*

1

*Kirkland*), 86 F.3d 172, 174 (10th Cir. 1996); *see Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438-39 (10th Cir. 1994); *accord Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014) (unpublished). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *Despain*, 13 F.3d at 1438. In this case, Plaintiff made no attempt to serve Defendant Meisinuo. Rather, Plaintiff has made a deliberate, strategic decision to delay service while attempting to reach a resolution of the matter with Defendant Amazon.Com, Inc.

The question thus becomes whether the Court should exercise its discretion to allow additional time for service. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995) ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."). In making this decision, a district court should consider any pertinent factors or policy considerations. *Id.* at 842. Examples include prejudice to the plaintiff from a dismissal "if the applicable statute of limitations would bar the refiled action;" prejudice to the defendants if additional time is allowed; a complicated service rule, such as "the complex requirements of multiple service" on federal defendants; and protecting a *pro se* plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 & n. 8.

The short delay of service has not resulted in a significant prejudice to Defendant Meisinuo. Moreover, although the Court makes no determination regarding the statute of limitations, denying Plaintiff's request to extend the deadline to serve Defendant Meisinuo

2

may result in the statute of limitations negatively impacting Plaintiff's claims.[1] Furthermore, if Plaintiff and Defendant Amazon.Com, Inc. are able to reach an early resolution of this matter, service on Defendant Meisinuo would likely be unnecessary. Accordingly, the Court will allow an extension of ninety (90) days from the date of this Order to effect service of process. Absent proof of service within the extended deadline, or a changed procedural posture of the case, Plaintiff's claims against Defendant Meisinuo will be dismissed without prejudice to refiling and without further notice to Plaintiff.

IT IS SO ORDERED this 11th day of May, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] A two-year statute of limitations governs Plaintiff's negligence and products liability claims. *See Kester v. Janssen Pharms., Inc.*, No. 22-7026, 2023 WL 4677031, at *2 (10th Cir. July 21, 2023) (unpublished) ("Oklahoma imposes a two-year statute of limitations on negligence and products liability claims." (citations omitted)).